[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13339
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00013-CR-RLV-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGIANNE CARLISLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 14, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant was sentenced to a prison term of 36 months on a plea of guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349 and 1341. She now appeals her sentence, arguing that (1) the district court erred in imposing a written restitution order that exceeded the restitution amount imposed at sentencing; and (2) her prison term, which is below the sentence range prescribed by the Sentencing Guidelines, is substantively unreasonable. We consider these arguments in order.

## I.

Appellant points out that the district court indicated its intent at sentencing to credit against her restitution amount the value of the equity in her personal home at the time it was foreclosed, unless the party foreclosing on the property provided a sufficient justification for failing to sell the property. She states that the court conveyed this intent in its written judgment, but provided the foreclosing party a 30-day period to explain its failure to sell the property. She further states that the court never amended the judgment to reflect what, if any, amount should be credited toward her restitution requirement. The Government concedes that a remand is warranted to determine whether and to what extent appellant is entitled to a credit against her restitution amount for the equity in her personal home. We therefore vacate the restitution provision of the court's

2

judgement and remand the restitution issue with instruction that the district court to clarify what, if any, additional amount should be credited against appellant's restitution requirement for the equity in her personal home.

## II.

In determining whether a defendant's sentence is substantively unreasonable, we employ the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The sentencing court abuses its discretion when it commits a "clear error of judgment" in weighing the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Appellant contends that the district court committed such an error here, and therefore abused its discretion, because it did not consider the § 3553(a) factors.

Section § 3553(a) requires the sentencing court to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical

3

care. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). The court need not "state on the record that it has explicitly considered each of the § 3553(a) factors or . . . discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the court's sentencing rationale is legally sufficient if the record makes clear that it has considered the evidence and the arguments. *Rita v. United States*, 551 U.S. 338, 358-59, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

Because the record shows that the district court considered the parties' arguments and the § 3553(a) factors, appellant's argument that her 36 months' prison term is substantively unreasonable fails. We therefore affirm the prison-term part of the court's judgment.

Appellant's sentence is, accordingly,

VACATED, in part, and REMANDED with instructions, and AFFIRMED, in part.